1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9    BRANDEN JOHNSON

10                   Plaintiff,                    No. CIV-S-06-0169 DFL GGH

11          vs.

12   SACRAMENTO COUNTY, et al.,

13                   Defendants.           ORDER

14   _____/

15          Previously pending on this court's law and motion calendar for January 4, 2007,

16   was defendants' motions to strike plaintiff's expert Timothy G. Twomey and his report.  Plaintiff

17   filed an opposition, to which defendants filed a reply.[1]  Stephanie Finelli appeared for plaintiff.

18   Jesse Rivera appeared for defendants.  After hearing oral argument and reviewing the parties'

19   filings, the court issues the following order.

20   BACKGROUND

21          Defendants seek to strike plaintiff's expert witness, Timothy G. Twomey,

22   claiming he was improperly designated, and that plaintiff violated the pretrial scheduling order in

23   his disclosure and report.  Under the scheduling order, filed April 10, 2006, the parties were

24   _____

25        [1]  Contrary to plaintiff's assertions, this matter falls under E.D. Local Rule 37-251(e), and
     therefore the meet and confer and joint statement requirements do not apply.  Plaintiff's request
26   for sanctions due to defendants' refusal to meet and confer is therefore denied.

                                        1

1  directed to file initial expert disclosure by November 30, 2006 and supplemental reports and

2  rebuttal experts by December 14, 2006.  Plaintiff 's initial disclosure of this expert is dated

3  November 30, 2006, but stamped received on December 1, 2006.  Defendants' Mot., Exh. A.

4  Defendants object to the content of this disclosure which contains no substance relating to the

5  instant case, such as an opinion, and does not provide a current curriculum vitae.  Id.

6          Plaintiff's counsel explains that she had just finished a week long trial on

7  November 30, and requested an extension for disclosure from defense counsel; however, did not

8  receive a response.[2]  Defendants state there was no request for enlargement of time to the court,

9  and that defense counsel was out of town on another case on the date of that phone call.  The

10  supplemental disclosure was timely served on December 14, 2006.  This disclosure does contain

11  opinions not previously presented.  Defendants argue they are prejudiced by this sequence of

12  events because Twomey was able to use defendants' experts' disclosures in preparing his

13  supplemental report, but defendants are at a disadvantage because the time for their rebuttal

14  reports has past, and no supplemental reports were prepared by defendants' experts based on the

15  lack of opinion in plaintiff's expert's initial disclosure.

16  DISCUSSION

17          This case involves the unfortunate, but negligent, designation of an expert insofar

18  as very incomplete opinions were presented in the expert's initial report.  Defendants seek to gut

19  plaintiff's case on account of plaintiff's counsel's failure in this regard.  Thus, the ususal tension

20  between enforcing respect for scheduling orders with resolving cases on their merits is present.

21  While defendants' counsel is correct that violation of scheduling orders should not simply be

22  ignored, the penalty should also fit the crime; a party receiving a late or incomplete designation

23  should not receive the ultimate sanction of dismissal, or a sanction tantamount to such, unless the

24  _____

25      [2]  Plaintiff's other asserted reason for late disclosure is that the expert did not have the
    video of the arrest report room in the jail for his analysis and conclusions; however, at hearing
26  defense counsel represented that all videos had been produced.

1   receiving party is substantially prejudiced.

2          Rule 26(a)(2), governing required disclosures, provides in part:

3          (2) Disclosure of Expert Testimony.
              (A) In addition to the disclosures required by paragraph (1), a
4       party shall disclose to other parties the identity of any person who
        may be used at trial to present evidence under Rules 702, 703, or
5       705 of the Federal Rules of Evidence.
              (B) Except as otherwise stipulated or directed by the court, this
6       disclosure shall, with respect to a witness who is retained or
        specially employed to provide expert testimony in the case or
7       whose duties as an employee of the party regularly involve giving
        expert testimony, be accompanied by a written report prepared and
8       signed by the witness. The report shall contain a complete
        statement of all opinions to be expressed and the basis and reasons
9       therefor; the data or other information considered by the witness in
        forming the opinions; any exhibits to be used as a summary of or
10      support for the opinions; the qualifications of the witness,
        including a list of all publications authored by the witness within
11      the preceding ten years; the compensation to be paid for the study
        and testimony; and a listing of any other cases in which the witness
12      has testified as an expert at trial or by deposition within the
        preceding four years.

13

14          The teeth behind the requirements of expert disclosure are found in Fed. R. Civ.

15   P. 37(c)(1).  As seen from this rule, exclusion of a witness for late or incomplete designation is

16   not automatic:

17          A party that without substantial justification fails to disclose
        information required by Rule 26(a) or 26(e)(1), or to amend a prior
18      response to discovery as required by Rule 26(e)(2), is not, unless
        such failure is harmless, permitted to use as evidence at a trial, at a
19      hearing, or on a motion any witness or information not so
        disclosed.  In addition to or in lieu of this sanction, the court, on
20      motion and after affording an opportunity to be heard, may impose
        other appropriate sanctions.  In addition to requiring payment of
21      reasonable expenses, including attorney's fees, caused by the
        failure, these sanctions may include any of the actions authorized
22      under Rule 37(b)(2)(A), (B), and (C) and may include informing
        the jury of the failure to make the disclosure.

23

24          Pursuant to cases cited by defendants, supplementary disclosures are intended

25   only to supplement, and are not to be used to provide an extension of the deadline to provide

26   expert reports.  Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 324 (5th Cir.

                                            3

1998).  The <u>Ford</u> court refused to permit a supplemental expert report where the initial expert

designation failed to include a written report.  To permit the report, submitted three months later,

would be tantamount to granting a three month extension of time.  Where an initial disclosure is

so incomplete that it does not satisfy Rule 26(a)(2)(B), and the second report contains the

information, reasoning and opinions which must be disclosed in the initial disclosure, the expert

may be limited to testifying to only opinions disclosed in the timely initial report.  <u>Keener v.</u>

<u>U.S.</u>, 181 F.R.D. 639, 642 (D. Mont. 1998).  The <u>Keener</u> court applied the <u>Wanderer v. Johnston</u>,

910 F.2d 652, 656 (9th Cir. 1990), factors (includes prejudice) to determine this sanction.

        In <u>Wong v. Regents of University of California</u>, 410 F.3d 1052 (9th Cir. 2005),[3]

the court of appeals upheld the district court's decision to exclude plaintiff's late designated

experts.  Significant to that decision was plaintiff's inability to convince the district court "that

the necessity of the witness could not have been reasonably anticipated at the time the lists were

exchanged," pursuant to the terms of the pretrial order.  <u>Id.</u> at 1060.  The court explained:

> The same status conference order which set the deadline for expert
> identification and the completion of discovery also set a deadline
> for resolving pretrial motions, such as the University's motion for
> summary judgment.  In this instance, it appears that the University
> filed its motion about as late as it could while still complying with
> the schedule set by the court.  If Wong had been permitted to
> disregard the deadline for identifying expert witnesses, the rest of
> the schedule laid out by the court months in advance, and
> understood by the parties, would have to have been altered as well.
> Disruption to the schedule of the court and other parties in that
> manner is not harmless.  Courts set such schedules to permit the
> court and the parties to deal with cases in a thorough and orderly
> manner, and they must be allowed to enforce them, unless there are
> good reasons not to.

<u>Id.</u> at 1062.

\\\\\

---

[3]  At hearing, defendants cited the earlier <u>Wong</u> case, <u>Wong v. Regents of University of</u>
<u>California</u>, 379 F.3d 1097 (9th Cir. 2004); however, that case was amended and superseded on
denial of rehearing.  In any event, the most recent opinion does not change the reasoning
supporting the district court's exclusion of experts.

1        The court does not find that plaintiff's counsel was justified in the patently

2  incomplete expression of opinions in the first disclosure.  The court will not further describe the

3  incomplete disclosure in that plaintiff's counsel does not seriously contend that the initial

4  disclosure was anything but incomplete insofar as expressions of opinion are concerned.

5  Moreover, the scheduling order warned the parties of the consequences of failing to abide by the

6  scheduling order:

> Failure of a party to comply with the disclosure schedule as
> set forth above in all likelihood will preclude that party from
> calling the expert witness at the time of trial absent a showing
> that the necessity for the witness could not have been reasonably
> anticipated at the time the disclosures were ordered and that the
> failure to make timely disclosure did not prejudice any other
> party.  See Fed. R. Civ. P. 37(c).

11  Order, filed April 10, 2006 at 3.

12        Departing from previous binding Rule 16 scheduling orders is a serious matter.

13  "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly

14  disregarded by counsel without peril.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,

15  610 (9th Cir. 1992) (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D.

16  Me.1985)).  A scheduling order may be modified only upon a showing of "good cause." Fed. R.

17  Civ. P. 16(b).  Parties must show that despite due diligence they could not reasonably have met

18  the schedule. Fed. R. Civ. P. 16 Advisory Committee's note to 1983 Amendment.  A showing of

19  diligence is necessary because disregard of a scheduling order may "undermine the court's ability

20  to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and

21  the cavalier." Johnson, 975 F.2d at 610.

22        Although the plaintiff in Wong received the penalty of exclusion of a expert, the

23  same circumstances present in that case are not present here.  The Wong experts to be designated

24  late were proffered after a dispositive motion had been filed.  The Ninth Circuit found that the

25  district court did not abuse its discretion in disallowing the experts because the entire scheduling

26  order would have been placed in jeopardy because of the late designations.  Id at 1062.  In the

1  present case, however, the late disclosure can take place without affecting the other scheduled

2  dates in this litigation.

3          Defendants cannot read the "harmless" or "lesser sanctions" exceptions out of the

4  enforcement rule, Rule 37(c)(1), especially where the failure to disclose is not accompanied by

5  gamesmanship, bad faith or deliberate disobedience of a court order.  Prejudice is a component of

6  any sanctions analysis as is the need to explore the existence of lesser, yet still effective

7  sanctions.  See Wills v. Amerada Hess, 379 F.3d 32, 51 (2nd Cir. 2004); Collins v. Beazer Homes

8  USA, Inc, 334 F. Supp. 2d 1365, 1371 (N.D. GA. 2004); Engineered Products Co. v. Donaldson

9  Co., 313 F. Supp. 2d 951, 1006 (N.D. Iowa); compare El Dorado Irrigation Dist. v. Traylor Bros.,

10  2006 W.L. 191960 (E.D. Cal. 2006) where the undersigned and Judge Karlton found a late

11  disclosure to be gamesmanship, in direct contravention of court orders against a backdrop of

12  discovery abuse, and not harmless.

13          The court fashions a less drastic remedy as follows.  As discussed at hearing,

14  depositions of the experts will take place.  Plaintiff is to proffer his belatedly designated expert

15  first.  Defendants will not have to pay this expert for his time at deposition.  Also, defendants'

16  expert(s) testifying in the same area as plaintiff's belated expert may express opinions outside of

17  his/her/their current report.

18  CONCLUSION

19          Accordingly, IT IS ORDERED that:

20          1.  Defendants' motion to strike plaintiff's expert Timothy G. Twomey and his

21  report, filed December 12, 2006, is denied.

22  \\\\\

23  \\\\\

24  \\\\\

25  \\\\\

26  \\\\\

1    2.  Defendants are permitted to take this expert's deposition prior to plaintiff

2 taking the depositions of any of defendants' experts.[4]

3    3.  Plaintiff shall pay the expenses of Twomey's deposition, insofar as such

4 expenses are charges made for Twomey's time.

5 DATED: 1/12/07

/s/ Gregory G. Hollows

6

_____

7 GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076

8 Johnson0169.exp.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    [4]  The discovery deadline of January 31, 2007 is in effect.

7