IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDEN JOHNSON,                              No. Civ. S-06-0169 RRB GGH

      Plaintiff,                         **Memorandum of Opinion**
     v.                                       **and Order**

SACRAMENTO COUNTY, SACRAMENTO
COUNTY SHERIFF'S DEPARTMENT,
LOU BLANAS, and DOES 1 to 100,
inclusive,

      Defendants.        /

    Plaintiff Branden Johnson alleges constitutional violations

and state law tort claims against defendants Sacramento County

Sheriff's Department, County of Sacramento, and Sheriff Lou

Blanas for alleged mistreatment in the county jail following his

arrest for driving under the influence of alcohol. Defendants

filed a motion for summary judgment on all claims. For the

reasons below, the court **GRANTS in part and DENIES in part** the motion.[1]

## I.

On October 30, 2005, two Sacramento City Police Officers arrested Branden Johnson on suspicion of driving under the influence of alcohol. Defendants' Statement of Undisputed Facts (Defs. SUF) ¶ 1. In the hours before his arrest, Johnson had consumed alcoholic beverages and ingested marijuana. Id. ¶ 2. The officers transported Johnson to the Sacramento County Main Jail. Upon arrival, Johnson alleges that two officers pulled him from the patrol car and dropped him face first onto the jail's concrete floor. Johnson Depo., 138:2-18. Johnson alleges his chest, stomach, face, and mouth struck the ground because his hands were cuffed behind his back. Id., 145:17-18. Following his removal from the patrol car, deputies escorted Johnson into the booking area. During this movement, Johnson alleges that deputies again forced him to the ground. Id., 154:2-17. Johnson alleges that the deputies said that "a person

---

[1]   Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999) (explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

like me has no respect," <u>id.</u>, 154:15-17, and "a person like my kind . . . is not polite," <u>id.</u>, 155:17-19. Johnson believes that deputies treated him differently because of his "dreadlock" hairstyle and "mixed" racial heritage, although no deputy stated that he or she acted based upon these factors. <u>Id.</u>, 226:1-227:18.

Deputies next escorted Johnson from the booking area to a holding cell. He alleges that as he turned the corner to the cell, deputies picked him up off his feet, while he was still handcuffed, and threw him against a wall head first. <u>Id.</u>, 163:7-23. Johnson remembers his head hitting the wall, but then believes he lost consciousness. <u>Id.</u>, 163:19-164:20. When he awoke, his hands and feet were shackled to a grate in the middle of the cell floor. <u>Id.</u>, 165:1-15. Johnson also alleges that during his detention deputies forcibly drew blood to measure his blood alcohol level despite his request for a breathalyzer test, failed to return $130 taken from his person during booking, and intentionally destroyed his new shoes. Compl., 3-4. The deputies' conduct, according to Johnson, left him with cuts and bruises across his face and body, nerve damage in his arms, and fractures in his ribs, nose, and shoulder. <u>Id.</u>

Based upon the above events, Johnson alleges that defendants: (1) violated his Fifth Amendment equal protection rights by assaulting him based, in part, upon his race; (2)

violated his civil rights under the Fourth and Fourteenth Amendments acting pursuant to policies condoning the use of excessive force and deliberate indifference to his well-being; (3) negligently hired, trained, supervised, and retained unnamed employees; (4) engaged in negligent actions resulting in his injuries; (5) assaulted and battered him; and (6) intentionally inflicted emotional distress upon him.   Defendants deny the allegations and move for summary judgment on all claims.

## II.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party carries the initial burden of establishing the absence of a genuine dispute of material fact and can do so by demonstrating that the non-moving party cannot provide evidence to support an essential element upon which it will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Upon such a showing, the non-moving party must "go beyond the pleadings" to "designate specific facts showing that there is a genuine issue for trial." Id. at 324 (internal quotation marks and citation omitted). In evaluating evidence, the court may not engage in credibility

determinations.   <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).   Johnson's claims are discussed individually below.

## A.   Federal Claims

Johnson alleges that defendants violated 42 U.S.C. § 1983 by infringing upon his constitutional rights.   Johnson, however, does not allege that the named defendants Sacramento County Sheriff's Department, County of Sacramento, and Lou Blanas were directly involved in the conduct resulting in his injuries.[2] Johnson alleges direct action only by unnamed officers and deputies.[3]   "A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.   Instead, it is when execution of a government's policy or custom, whether

---

[2]   Whether a government official is sued in his official or personal capacity is to be determined in "[t]he course of the proceedings."   <u>Brandon v. Holt</u>, 469 U.S. 464, 469 (1985). Because Johnson fails to allege any direct action by defendant Blanas against him, the court finds that Johnson sued Sheriff Blanas only as the head of his governmental department, responsible for the policies or customs on which he bases his § 1983 claim.   <u>See</u> <u>Pino v. City of Sacramento</u>, No. S-05-2080, 2007 WL 214451, at 6 n.11 (E.D. Cal. Jan. 26, 2007).   "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."   <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985).

[3]   Johnson filed his action against 100 Doe defendants, in addition to the named defendants.   He does not dispute named defendants' allegation that he has known the identity of the Doe defendants since April 2006 yet has failed to amend the complaint to include them.   <u>See</u> Op. 7, Pl. Resp. to Defs. SUF ¶ 5.   Because Johnson has neither amended the complaint nor served the Doe defendants, claims against them are not before the court on this motion.

made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 694 (1978).   Therefore, to state a valid § 1983 claim, Johnson must allege that defendants are responsible for or have acted upon a policy or custom that is "the moving force of the constitutional violation found by the District Court."   Id.

## 1.   Claim One: Racial Discrimination

Johnson claims that defendants violated his Fifth Amendment right to equal protection when they assaulted him based, in part, upon his race.   Regardless of whether Johnson's allegations are sufficient to create a material dispute of fact regarding the actions of the unnamed defendants, he has failed to allege a policy or custom of racial discrimination.   Because Johnson presents no evidence supporting either "a conscious, affirmative choice" by defendants to support a policy of racial discrimination, Gillette v. Delmore, 979 F.2d 1342, 1347 (9th Cir. 1992), or a pattern of rights violations similar to those alleged, id. at 1349, his claim lacks a legal basis.   Therefore, the court GRANTS summary judgment as to Claim One.

## 2.   Claim Two: Excessive Force and Deliberate Indifference

Johnson claims that defendants violated his Fourth and Fourteenth Amendment rights by acting pursuant to policies

condoning the use excessive force and deliberate indifference to his well-being.   As in Claim One, Johnson alleges no direct action by the named defendants.   Rather, he argues that they are responsible for policies and customs that are the "moving force[s]" behind the alleged violations.   <u>Monell</u>, 436 U.S. at 694.   Defendants argue only that Johnson does not meet this burden and do not dispute whether the alleged actions of the unnamed officers and deputies violate the constitution.

The court finds that Johnson has presented sufficient evidence of an unconstitutional policy or custom to create a material dispute of fact.   Johnson's expert witness, Timothy G. Twomey, states in his Supplemental Expert Witness Disclosure that "Jail Management does not have, or simply failed to provide, Operations Orders that detail the degree to which deputies may get involved in assisting other agencies remove, control, and/or escort a subject who is combative, belligerent, and/or non-compliant."   Twomey Disclosure, ¶ 101.   Twomey further states that he believes the injuries suffered by Johnson occurred during a hand-off between Sacramento Police Officers and Sacramento Sheriff's Deputies, <u>id.</u>, ¶ 64-66, and were the result of excessive force, <u>id.</u>, ¶ 96.   Although defendants argue that Twomey fails to cite or criticize any existing policies or procedures of the Sacramento Sheriff's Department, he states that he has considered such policies in reaching his conclusion.

7

Twomey Depo., 43:2-12. Disputes as to the expert's qualifications or credibility are not before the court on this motion. See Anderson, 477 U.S. at 248. Therefore, Johnson presents sufficient evidence to create a material dispute of fact as to whether Johnson was injured by officers operating under a policy or custom that provided a constitutionally insufficient degree of protection from the use of excessive force. Johnson v. Hawe, 388 F.3d 676, 686 (9th Cir. 2004) (finding an expert opinion sufficient to create a material dispute of fact as to the existence of a constitutionally objectionable policy or custom). A reasonable jury, balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake," could conclude that the force used to subdue Johnson while he was handcuffed, surrounded by deputies, and within the jail was excessive. Graham v. Connor, 490 U.S. 386, 396 (1989); Blakenhorn v. City of Orange, 485 F.3d 463, 477-80 (9th Cir. 2007) (holding that the tackling and punching of plaintiff could support a constitutional excessive force claim). The court DENIES summary judgment as to Claim Two.

**B.  State Claims**

Johnson alleges multiple state claims regarding his treatment while in custody at the Sacramento County Jail. The California Tort Claims Act states: "Except as otherwise provided

by statute[,] [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov. Code § 815. California courts have interpreted § 815 to require a specific statutory basis for either direct or indirect claims against a public entity. See <u>Eastburn v. Reg'l Fire Prot. Auth.</u>, 31 Cal.4th 1175, 1179-82 (2003); <u>Munoz v. City of Union City</u>, 120 Cal. App. 4th 1077, 1110-12 (2004).

For indirect claims, California Government Code § 815.2(a) provides statutory authorization: "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." A plaintiff need not "identify the particular employee upon whose act the liability of the public entity is to be predicated. All that will be necessary will be to show that some employee of the public entity tortiously inflicted the injury in the scope of his employment under circumstances where he would be personally liable."[4] Cal. Gov. Code § 815.2 Legislative Comm. Comment.

---

[4] Based upon the language of the Legislative Committee Comment, the court disagrees with the <u>Munoz</u> court's holding that "unless the employee is identified, the trier of fact will not

1. **Claims Three: Negligent Hiring, Training, Supervision, and Retention**

Johnson alleges that named defendants were negligent in hiring, training, supervising, and retaining the unnamed employees he accuses of harming him during his detention. Such allegations are direct claims against the named defendants, not vicarious claims based upon the employee's conduct. See <u>Munoz</u>, 120 Cal. App. 4th at 1111 (holding claims against public agencies for negligent training and promulgation of guidelines to be direct claims against the agencies). Johnson argues that such claims are authorized under California Government Code 815.2(a). His argument, however, renders "the distinction between direct and vicarious liability completely illusory." <u>Munoz</u>, 120 Cal. App. 4th at 1113. Because Johnson fails to allege any other statutory basis for such direct claims, they cannot be brought against the agencies (or defendant Blanas in his official capacity) under California Government Code § 815. Therefore, the court GRANTS the motion as to Claim Three.

---

be able to determine if the elements needed to assert vicarious liability have been provided." <u>Munoz</u>, 120 Cal. App. 4th at 1113. For purposes of vicarious liability, Johnson's description of an employee's position and conduct is sufficient. See <u>Ortland v. County of Tehama</u>, 939 F.Supp. 1465, 1472 (E.D. Cal. 1996).

## 2.   Claim Four: Officer and Deputy Negligence

Johnson argues that defendants are vicariously liable for the alleged negligence of the officers and deputies encountered during his detention.   Defendants argue that Claim Four is indistinguishable from Claim Three.   Claim Four, however, differs in its discussion of the deputies' use of excessive force, Compl. ¶ 31, and the injuries directly resulting from the deputies' conduct, id. ¶ 33.   Because Johnson bases Claim Four on the actions of the named defendants' employees, it is authorized under California Government Code 815.2(a). Defendants rest their summary judgment argument entirely on the mistaken assumptions that such a vicarious liability claim lacks statutory authorization and, in the alternative, that plaintiff must name the particular employee to use him or her as a basis for a vicarious liability claim.   See Cal. Gov. Code 815.2(a) (public entity vicarious liability); Ortland v. County of Tehama, 939 F.Supp. 1465, 1472 (E.D. Cal. 1996) (holding that a public entity vicarious liability claim need not name particular employees).   Johnson presents undisputed evidence from which a reasonable jury could conclude that officers and deputies breached common law duties of care in handling him during his detention.   See, e.g., Pls. SUF ¶¶ 46-49.   Therefore, the court DENIES the motion as to Claim Four.

**3.   Claim Five: Assault and Battery**

Johnson alleges that officers and deputies employed by the named defendants assaulted and battered him during his detention. Again, defendants rest their summary judgment argument entirely on the mistaken assumptions that such a vicarious liability claim lacks statutory authorization and, in the alternative, that plaintiff must name the particular employee to use him or her as a basis for a vicarious liability claim. See Cal. Gov. Code 815.2(a) (public entity vicarious liability); Ortland, 939 F.Supp. at 1472 (holding that a public entity vicarious liability claim need not name particular employees). Johnson presents undisputed evidence from which a reasonable jury could conclude that deputies assaulted and battered him during his detention. See, e.g., Pls. SUF ¶¶ 46-49. Therefore, the court DENIES the motion as to Claim Five.

**4.   Claim Six: Intentional Infliction of Emotional Distress**

Johnson alleges that deputies and officers employed by the named defendants intentionally inflicted emotional distress upon him during his detention. Defendant, in addition to the already rejected arguments regarding statutory authorization for the suit and the identification of particular employees for vicarious liability claims, argues that the alleged conduct is not sufficiently outrageous to support an IIED claim. This argument lacks merit as well. A reasonable jury could find that

deputies acted outrageously when they allegedly, among other actions, dropped Johnson on his face with his hands cuffed behind his back and slammed his head into a cell wall, knocking him unconscious. Therefore, the court DENIES the motion as to Claim Six.

**C.   Qualified Immunity**

Defendants argue that Blanas is entitled to qualified immunity. "A municipality (and its employees sued in their official capacities) may not assert a qualified immunity defense to liability under Section 1983." Hallstrom v. City of Garden City, 991 F.2d 1473, 1482 (9th Cir. 1992). Here, defendant Blanas is sued in his official capacity because plaintiff fails to allege any action by Blanas, except for a general allegation that he was involved in setting policy or establishing custom. See Graham, 473 U.S. at 166 (1985). Therefore, defendant Blanas has not presented sufficient evidence to support a qualified immunity defense.

**D.   Punitive Damages**

Johnson seeks punitive damages. Such damages, however, are not available against a public entity, including individuals named in their official capacity under federal law, Graham, 473 U.S. at 167 n.13, or California law, Cal. Gov. Code § 818. Therefore, having named only public entities and an individual

in his official capacity as defendants, Johnson may not seek punitive damages.

### III.

For these reasons, the court GRANTS the motion as to Claims One and Three and DENIES the motion as to CLAIMS Two, Four, Five, and Six.  Additionally, the court STRIKES plaintiff's request for punitive damages.

IT IS SO ORDERED.

ENTERED this 22nd day of August, 2007.

s/RALPH R. BEISTLINE
United States District Judge