IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN JOHNSON,<br><br>      Plaintiff,<br><br>vs.<br><br>SACRAMENTO COUNTY, et al.,<br><br>      Defendants. | Case No. 2:06-cv-0169-RRB<br><br>**ORDER RE PENDING MOTIONS AT DOCKETS 60, 61, AND 62** |

      Plaintiff's first task at trial will be to establish that Plaintiff was subject, either intentionally or negligently, to excessive force.  To establish this, Plaintiff obviously is entitled to present his own testimony, as well as the testimony of witnesses to the event and any appropriately authenticated videos, photographs, or records relating to the event in question.  Expert Twomey may testify regarding his observations and understanding of what took place in this matter and why, in his opinion, it constituted excessive force to the extent it is consistent with his previous disclosures and deposition testimony.  He may not testify regarding the Monell issue, i.e. whether there was a policy or

practice of excessive force by Defendants, because such opinion was not previously disclosed and was excluded by Judge Levi. Other witnesses listed by Plaintiff regarding excessive force and damages may testify consistent with the Federal Rules of Evidence and any pre-trial orders entered herein.

Plaintiff may elicit testimony regarding the allegedly missing tapes and may make argument based thereon in closing if such evidence is established. Plaintiff may not raise the issue in opening statement, however. If credible testimony is elicited regarding the missing video tapes, the Court will likely give the following instruction:

> With regard to the alleged missing videotapes, the jury must determine first whether such tapes ever existed, and second, if they did, whether their unavailability at trial was the result of an intention to hide or deceive on the part of defendants. If the jury concludes that defendants intentionally hid or destroyed the aforesaid videotapes, then it may presume that the videotapes would have been incriminating to defendants.

Defendants' expert witnesses may testify consistent with their expert reports and the disclosures previously made, and as Judge Hollows provided, if testifying "in the same area as Plaintiff's belated expert may express opinions outside of his/her/their current report."

If the jury finds that excessive force occurred, they will then be asked to address the Monell claim. Brief testimony

will be permitted as to this issue and supplemental arguments may be made.  The Court will then supplement the jury instructions and the jury will be excused to address the issue.

Defendant's Motion In Limine as to witnesses Afshar and O'Brien are hereby **GRANTED** as the testimony is marginally relevant, at best, while the potential prejudice significantly outweighs any probative value.

The Court cannot rule on Plaintiff's proposed video presentation without seeing it.  Therefore, if the video presentation is anything beyond the actual video taken, i.e. if it has been augmented in any way, it must be disclosed to Defendants and the Court prior to trial.

Any testimony regarding prior or subsequent events at the jail is relevant, if at all, only to the Monell claim and may not be introduced during the first phase of the trial.

ENTERED this 16th day of October, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE