IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN JOHNSON,<br><br>         Plaintiff,<br><br>vs.<br><br>SACRAMENTO COUNTY, <u>et al.</u>,<br><br>         Defendants. | Case No. 2:06-cv-0169-RRB<br><br>**<u>ORDER RE PENDING</u>**<br>**<u>MOTIONS AND JUDGMENT</u>** |

Before the Court are several motions and a somewhat complicated dispute. This matter has previously been tried to a jury and it is now for the Court to bring final resolution.

Plaintiff initially brought suit against Defendants on a variety of theories, both state and federal. Although a number of Plaintiff's claims were dismissed prior to trial, several were deemed sufficient to survive summary judgment. The Court, however, upon reviewing the pleadings, became concerned that this really boiled down to a negligence claim by one who was legally in the

custody of law enforcement at the time of the disputed conduct.  In other words, Plaintiff, while admittedly subject to police control and authority, was complaining that the police officers used "excessive force" when dealing with him.  Because this theory could be gleaned from the pleadings, the Court, sua sponte, and in an effort to get the matter to trial in a coherent manner, framed the matter as an excessive force claim for trial.  The question for the jury, therefore, would be whether or not the Defendant employed excessive force under the circumstances that existed during the time Plaintiff was in its custody.  It was basically a state law negligence claim, i.e. whether or not a reasonable police officer under the circumstances would have acted in a similar manner.

   The next problem dealt with the Monell issue, Monell v Dept. of Social Services of City of New York, 436 U.S. 658 (1978), and whether or not any excessive force that may have occurred was due to an unwritten custom or policy of the Sacramento Sheriff's Department.  This was important to Plaintiff for it would raise constitutional questions and would open the door to possible attorney fees if Plaintiff prevailed.  However, Defendant clearly had no written policy permitting excessive force and there was  no admissible testimony that an unwritten policy or practice existed.  Although the Court was very much aware of the legal authority Defendant cited, the Court's concern was whether Monell would apply

in a circumstance, such as this, where it was virtually undisputed by Defendant that the practices employed at the time in question were appropriate and routinely employed by the Sheriff's Department.  There was really no dispute that what occurred with Plaintiff was consistent with what routinely occurred in similar circumstances. It was the Court's view that if that were the case, Monell might apply, as a matter of law, if the jury were to find that excessive force was employed.  The Court, therefore, elected to permit the matter to go to the jury without any more specific jury instructions, but with the understanding that if the jury were to find excessive force, the Court would likely find that Monell applied as a matter of law.  If the Court were not to have reached this conclusion, it would have dismissed the Monell claim outright, for other than the legal inference just referred to, there was insufficient evidence to submit the Monell claim on any other theory and the matter would have gone to trial solely on the state law claim.

       Plaintiff now asks the Court to enter judgment under Monell and find that, given the jury's verdict, Monell should apply as a matter of law.  Defendant strongly disagrees and points to significant legal authority indicating that such an order would be erroneous.  The Court agrees with Defendant.

Upon further reflection, it appears to the Court that if Monell were to apply as a matter of law under this fact situation, it would likely apply in every case where excessive force was alleged and denied.  Monell seems to require a far more specific mind set than this.  For Monell to apply, the Sheriff's Department would have had to have previously been aware of the type of conduct in question, understood that it constituted excessive force, (or deliberate indifference) under the circumstances, and then affirmatively elected to pursue such conduct in the future.  That certainly does not appear to have been the case here.  There was absolutely no indication that law enforcement had any reason to believe that the conduct used here might constitute excessive force, either at the time it was employed or beforehand.  The only incidents of excessive force found by the jury was the slap to Plaintiff's face in response to Plaintiff's persistent refusal to turn toward the camera for his photograph, and the full weight of an officer on Plaintiff's leg while he was being secured in the safety cell. While these incidents justify the jury's finding with regard to the state law negligence claim, they do not rise to the level required to establish a Monell claim.  At no time, either during trial or in discovery, was there evidence of a prior practice of the Sheriff's Department with regard to slapping one's face during the photograph process or the placement of full weight

on a leg while securing a prisoner.  It is clear that the officers in question were responding to a continually evolving situation and were not responding to any unwritten policy or pursing conduct that was deliberately indifferent to Plaintiff's constitutional rights.  Therefore, the Court cannot find, as a matter of law, that such a custom or practice existed at the time of this incident or was a motivating factor behind the officers' actions, nor could a reasonable jury.

Consequently, Plaintiff's Motion for Judgment as a Matter of Law or in the Alternative to Amend or Correct Judgment at Docket 105, and Plaintiff's Motion for Attorney Fees at Docket 108 are hereby **DENIED**.  Defendant's Motion for Judgment as a Matter of Law at Docket 107 is Hereby **GRANTED IN PART**.

Judgment shall enter on behalf of Branden Johnson in the sum of $2,015 plus allowable costs.  This reflects the jury's verdict reduced by 90% for Plaintiff's comparative negligence.[1]

The Court further notes that even if <u>Monell</u> were to apply in this case, given the overall weakness of Plaintiff's case and the 90% finding of comparative fault on the part of Plaintiff, it

---

[1] The Court notes Plaintiff's objection to the comparative negligence defense but no such objection was made at trial.  Furthermore, given that the Court views this as a state negligence claim, comparative negligence is appropriate.

is highly unlikely that the Court would have awarded more than 10% of attorney fees in this matter.

ENTERED this 10th day of December, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE